UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:13-CV-00508-BR

DEBORAH SWOPE, )
 )
              Plaintiff, )
 ) ORDER
    v. )
 )
BANK OF AMERICA, NATIONAL )
ASSOCIATION D/B/A BANK OF AMERICA )
HOME LOANS, )
 )
              Defendant. )

      This matter is before the court on defendant's motion to dismiss plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 11.) Plaintiff filed a response in opposition to the motion, (DE # 15), and defendant filed a reply, (DE # 16). Plaintiff then filed a sur-reply, (DE # 17), which is not permitted by Local Rule, and the court has not considered it.

      According to plaintiff, she began her employment with defendant in March 2011. (Am. Compl., ¶ 10.) Plaintiff contends that over the course of her employment with defendant, her supervisor preferentially treated similarly situated male employees, who were under the age of 40. (Id. ¶ 24.) She complained on several occasions about the allegedly discriminatory treatment to her supervisor's manager as well as defendant's employee relations department. (Id. ¶¶ 25, 27.) Defendant terminated plaintiff's employment in February 2012, at which time plaintiff was 58 years old. (Id. ¶¶ 33, 34.)

      On 13 April 2012, plaintiff filed a charge of discrimination with the U.S. Equal

Employment Opportunity Commission ("EEOC"). (Id. ¶ 39.) On 15 February 2013, the EEOC mailed a letter notifying her of the right to sue. (Id. ¶ 42.) On 21 May 2013, in North Carolina Superior Court, Wake County, plaintiff commenced this action by filing an application to extend the time to file a complaint, which the assistant clerk granted on the same date and allowed plaintiff until 11 June 2013 to file the complaint.[1] (DE # 1-1.) On 10 June 2013, plaintiff filed a verified complaint in the state court. (DE # 1-2.) On 12 July 2013, defendant removed the action to this court. (DE # 1.) On 26 July 2013, and with permission of the court, plaintiff filed an amended complaint asserting claims under Title VII, the ADEA, the Equal Pay Act, 29 U.S.C. § 206 *et seq.*, and North Carolina law. (DE ## 8, 10.)

As noted previously, defendant moves to dismiss plaintiff's Title VII and ADEA claims pursuant to Rule 12(b)(6). Defendant contends that plaintiff did not timely file suit on her Title VII and ADEA claims.

> Typically, affirmative defenses, such as a limitations bar, may not be raised in a Rule 12(b)(6) motion because it is intended merely to test the legal adequacy of the complaint. However, a defense of the statute of limitations may be raised in a Rule 12(b)(6) motion where that defense appears clearly on the face of the complaint. "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."

Darden v. Cardinal Travel Ctr., 493 F. Supp. 2d 773, 775 (W.D. Va. 2007) (citations omitted).

"Before a plaintiff may file suit under Title VII or the ADEA, [s]he is required to file a charge of discrimination with the EEOC." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citations omitted). A Title VII or ADEA action must be filed within 90 days of

---

[1] North Carolina Rule of Civil Procedure 3(a) permits the commencement of an action by issuance of a summons when a person applies to the court requesting permission to file the complaint within 20 days and the court grants that application.

receipt of a right to sue letter from the EEOC.  29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).

As the Fourth Circuit has summarized:

> The date on which the claimant received the EEOC letter becomes critical in determining the commencement of the 90-day period.  In ascertaining the delivery date, we have rejected an "actual receipt" rule.  Instead, we have engaged in "a case-by-case examination to determine if an equitable tolling of the filing period is appropriate."
> We have also utilized procedural rules in ascertaining the receipt date of notice of right to sue letters.  Of course, if the actual date of receipt is confirmed by evidence, that date governs.  If the date is unknown, however, it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) [now 6(d)] of the Federal Rules.

Nguyen v. Inova Alexandria Hosp., No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished) (citations omitted).

Here, the parties agree that the starting point of the analysis is the date the EEOC mailed plaintiff the right to sue letter, Friday, 15 February 2013.  (Mem., DE # 12, at 6; Resp., DE # 15, at 4.)  They also agree that because the date plaintiff received that letter is unknown, the three-day mailing presumption should apply.  (Mem., DE # 12, at 6; Resp., DE # 15, at 3.)  However, they dispute how those three days should be counted.  Defendant argues that by counting three consecutive days, Saturday, 16 February; Sunday, 17 February; and Monday, 18 February, which was a holiday, plaintiff is presumed to have received the letter on the next day which was not a Saturday, Sunday, or holiday– Tuesday, 19 February.  (See Mem., DE # 12, at 6; Reply, DE # 16, at 2.)  Therefore, according to defendant, the 90-day period to file an action expired on 20 May 2013, the day before plaintiff filed in state court.  (Mem., DE # 12, at 6.)  Plaintiff, on the other hand, urges the court to count only postal mail days, that is, Saturday, 16 February; Tuesday, 19 February; and Wednesday, 20 February.  (Resp., DE # 15, at 3-4.)  Under this

3

computation, the 90-day period ended 21 May 2013, the day plaintiff filed suit.

The only case directly on point which the court has found is the one plaintiff cites, Ragland v. Macy's, Inc., Civil No. JKB-11-3106, 2011 WL 6370365 (D. Md. Dec. 19, 2011). There, the right to sue letter was postmarked 27 May 2011. Id. at *1. The court recognized that 29 May was a Sunday and that 30 May, a Monday, was the Memorial Day holiday. Id. In determining that 1 June was the presumptive date of receipt, the court stated, "It stands to reason that the three days allowed for mail receipt should be days on which the mail is delivered. . . . It would be unfair to Plaintiff to presume that she received the right-to-sue letter before June 1 in the absence of evidence of the actual date of delivery." Id. (citation omitted)). The court agrees with this reasoning, particularly in light of the fact that the purpose behind the three-day presumption is to ensure that a plaintiff has the benefit of the entire 90-day period, Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999); see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1126 (9th Cir. 2007) ("In reviewing whether the presumption has been rebutted, courts look for evidence suggesting that receipt was delayed beyond the presumed period. The Second Circuit, for example, found that if a claimant presents sworn testimony or other admissible evidence from which it could be reasonably be inferred . . . that it took longer than three days to reach her by mail, the initial presumption is not dispositive." (citations and internal quotation marks omitted)).

The case on which defendant primarily relies, Davis v. Navy Fed. Credit Union, No. 1:11cv01282, 2012 WL 73233 (E.D. Va. Jan. 10, 2012), aff'd, 474 F. App'x 398 (4th Cir. 2012), is not to the contrary. In fact, it arguably supports *plaintiff's* position. In Davis, the court applied the three-day presumption to ultimately conclude that the plaintiff's Title VII and ADEA

4

claims were untimely. Id. at *5. Because the third day was a Sunday and the next day was a holiday, the court presumed the plaintiff received the right to sue letter on the day following the holiday. Id. at *5 n.8. The court did not explicitly state it was counting only postal mail days. Nonetheless, it is significant that the court gave the plaintiff the benefit of additional days to account for non-mail days. See id.; Great Lakes Behavioral Inst./Diversified Care Mgmt., No. 2:05cv1678, 2007 WL 4198273, at *7 (W.D. Pa. Nov. 27, 2007) (applying the three-day presumption to determine that when the third day was a Sunday and the following day, Monday, was a holiday, the plaintiff is presumed to have received the right to sue letter on Tuesday (collecting cases)). Although the circumstance here is different in that it is the intermediate (or second) day, rather than the last (or third) day, which is not a postal mail day, these cases are instructive.

Three postal days from the EEOC's mailing of the right to sue letter to plaintiff on 15 February 2013 is 20 February 2013. Because there is no admissible evidence of the actual date of plaintiff's receipt of that letter, the court presumes receipt on 20 February 2013.[2] Plaintiff commenced this action in state court, as noted, on 21 May 2013. That date is the ninetieth day after plaintiff's presumptive receipt of the right to sue letter, and therefore, plaintiff timely filed

---

[2]Plaintiff's memorandum in opposition to defendant's motion states, "Plaintiff informed counsel that she received the Right-to-Sue Letter on or around February 22, 2013." (Resp., DE # 15, at 3.) Of course, this unsworn statement is not admissible evidence of the date of receipt.

5

Case 5:13-cv-00508-BR   Document 22   Filed 12/19/13   Page 5 of 6

her Title VII and ADEA claims.  Defendant's motion to dismiss is DENIED.

This 19 December 2013.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge